IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 23-00050 HG-03 |
| Plaintiff, | ) |
| v. | ) |
| WAYNE INOUYE,          (03) | ) |
| Defendant. | ) |

**ORDER GRANTING THE GOVERNMENT'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER AND GRANTING GOVERNMENT'S MOTION TO DETAIN DEFENDANT PENDING TRIAL**

This matter came before the Court on the Government's appeal of the Magistrate Judge's denial of its Motion to Detain Defendant Inouye Without Bail.  For the reasons stated below, the appeal is **GRANTED,** and Defendant Wayne Inouye is **DETAINED** pending trial.

On September 18, 2023, the Court heard the Government's appeal of the Magistrate Judge's denial of its Motion to Detain Defendant Without Bail (ECF No. 104).  Present were Defendant Inouye and his counsel, Rustam Barbee, Esq., Assistant United States Attorney Craig Nolan for the Government, and the four co-Defendants and their respective counsel.

In reviewing the Magistrate Judge's release order under 18 U.S.C. § 3145, this Court applies a de novo standard of review.  United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).

1

In the instant matter the Court has considered the papers on file, including the Government's Motion to Detain Defendant Inouye Without Bail, the Government's Notice of Appeal, and the report of Pretrial Services.  The Court listened to the recording of the arguments and proffers of the Parties at the detention hearing before the Magistrate Judge on September 14, 2023.  The Court then heard the arguments and proffers of the Parties at the hearing before this Court on September 18, 2023. (ECF No. 114).

A detention hearing was warranted because the Government proved, by a preponderance of the evidence, that this case involves a serious risk that Defendant Inouye will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness pursuant to 18 U.S.C. § 3142(f)(2)(B).

On September 18, 2023, the Court held a detention hearing to evaluate whether there are conditions of release that will reasonably assure the appearance of Defendant Inouye as required and the safety of any other person and the community pursuant to 18 U.S.C. § 3142(g).

**The Government's Proffer Before The District Court on September 18, 2023**:

Defendant Inouye is charged in the Second Superseding Indictment with one count of conspiracy to obstruct justice

(Count 5) and two counts of obstruction of justice (Counts 6 and 7). (ECF No. 68).

The Government proffered that Defendants Albert Bactad, Wayne Inouye, Robin Takiguchi, and Mahina Bactad worked together to intimidate and procure a purportedly false written affidavit from the carjacking victim identified in Count 2 of the Second Superseding Indictment as Person 1.

The Government also proffered that Defendants Albert Bactad, Wayne Inouye, Robin Takiguchi, and Mahina Bactad worked together to intimidate and procure a purportedly false written affidavit from the kidnapping victim identified in Count 4 of the Second Superseding Indictment as Person 2.

The Government proffered that Defendants Albert Bactad, Wayne Inouye, Robin Takiguchi, and David Borges are all members of the United Samoan Organization ("USO") Gang, which the Government alleges is known for its commission of drug and violent crimes.

The Government proffered that Defendant Albert Bactad used his wife Defendant Mahina Bactad to direct the actions of Defendant Inouye and Defendant Takiguchi to obstruct justice in this case.  The Government proffered that Defendants Inouye and Takiguchi jointly confronted the two alleged victims in early August 2023 and procured the purportedly false written statements from the two alleged victims.  The proffer by the

3

Government is that both victims believed that if they refused to sign the allegedly false statements, they would be assaulted. The Government contends the victims were previously assaulted by Defendants Borges and Albert Bactad during the extortion, carjacking, brandishing of a firearm, and kidnapping charges in Counts 1-4 of the Second Superseding Indictment (ECF No. 68).

The Government proffered that Defendant Mahina Bactad received the false written statements and delivered them to Albert Bactad's attorney Andrew Kennedy (who has since been permitted to withdraw as counsel) with the intention that the statements would obstruct justice and disrupt the trial. The Government pointed out that the two purportedly fraudulent statements were designated by Albert Bactad's then-counsel as defense trial exhibits for trial. (ECF No. 62).

The Government further represented that it possesses evidence of the foregoing in the form of recorded phone calls between Defendant Albert Bactad, who was detained at the Federal Detention Center Honolulu, and his wife Defendant Mahina Bactad. The Government proffered that in the conversations between Defendants Albert and Mahina Bactad they spoke explicitly and in code about their plan to obstruct justice and interfere with the trial.

The Government also proffered evidence at the September 18, 2023 hearing that was not proffered before the Magistrate Judge

4

on September 14, 2023.  Among the new evidence proffered by the Government was the representation that the Government possesses a recorded call during which Defendant Mahina Bactad put Defendant Inouye on her phone to speak with Defendant Albert Bactad about the alleged conspiracy to obstruct justice.  The Government proffered that during the call Defendant Inouye mentioned Victim Person 2 by name, causing Defendant Albert Bactad to become angry and to hang up.

## ANALYSIS

The Government properly sought detention of Defendant Inouye on the basis that this case involves a serious risk that the Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness pursuant to 18 U.S.C. § 3142(f)(2)(B); see United States v. Figueroa-Alvarez, __ F.Supp.3d __, 2023 WL 4485312, *4-*5 (D. Id. July 10, 2023) (explaining the government's burden to establish a basis for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) is different than the government's burden to establish that a defendant should be detained pending trial pursuant to 18 U.S.C. § 3142(g)).

In reviewing the Government's Motion for Detention, the Court considers whether any condition or combination of

5

conditions will reasonably assure the appearance of Defendant Inouye as required, and the safety of any other person and the community pursuant to factors set forth in 18 U.S.C. § 3142(g). United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

The burdens of proof differ with respect to the risk of non-appearance and the dangerousness prongs of the statute. Motamedi, 767 F.2d at 1406. The standard of proof for detention based on risk of non-appearance is preponderance of the evidence. Id. The standard of proof based on the Defendant's dangerousness must be supported by clear and convincing evidence. Id.; United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008). In making these determinations, the Court considers four factors:

(1)  the nature and circumstances of the offense charged;

(2)  the weight of the evidence against the defendant;

(3)  the history and characteristics of the defendant, including the defendant's character, family ties, employment, financial resources, community ties, past conduct, drug or alcohol abuse history, and criminal history; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by release.

18 U.S.C. § 3142(g); Hir, 517 F.3d at 1086.

**(1)  The Nature And Circumstances Of The Offense Charged**

The offenses charged against Defendant Inouye are extremely serious. Obstruction of justice impedes the criminal justice

system by attacking its integrity and fairness, and perverting court processes that depend upon the willingness of witnesses, including victims, to appear in court and provide truthful information.  Further, the alleged obstruction has already impacted this matter by forcing a continuance of trial to accommodate the additional charges and additional Defendants.

Significantly, Defendant Inouye is charged with intimidating the alleged victims of the kidnapping and carjacking charges for which Defendant Borges and Defendant Albert Bactad are charged in Counts 1-4 of the Second Superseding Indictment. (ECF No. 68).  The Government claims that Defendant Inouye participated in the obstruction of justice because he is a member of the same gang as Defendants Borges and Albert Bactad.  The Government charged Defendant Inouye as having both conspired to obstruct justice and actually obstructed justice with respect to the trial before this Court.

**(2)  The Weight Of The Evidence Against Defendant Inouye**

The weight of the evidence is the least important factor, but the weight of the evidence based on the proffer provided by the Government appears strong.  Among the proffered evidence are recorded phone calls between and among Defendant Albert Bactad and Defendant Mahina Bactad discussing the charged conspiracy and acts of obstruction.  The Government also proffered that

7

Defendant Inouye participated in a recorded phone call where he named one of the victims.  The Government states that it intends to present testimony by the two victims who had direct contact with Defendants Inouye and Takiguchi.

The proffer also indicated that the testimony of Defendant Albert Bactad's former counsel Andrew Kennedy may be presented.  The Government proffered that Mr. Kennedy allegedly received false written statements from Defendant Mahina Bactad as part of the plan to obstruct the trial.  The Government proffered that the evidence is consistent with recorded conversations between the Bactads.  The Government also pointed out that the purportedly false statements were marked as trial exhibits by Attorney Kennedy.  (ECF No. 62).

### (3)   The History And Characteristics Of Defendant Inouye

The Government proffered that Defendant Inouye is an USO gang member.  The Government proffered that Defendant Inouye participated in the conspiracy and obstructed justice because Defendant Borges, Defendant Albert Bactad, and Defendant Takiguchi are each USO members.

Defendant Inouye has a long criminal history.  Defendant Inouye has been charged with 5 felonies, resulting in one felony conviction for Robbery; 26 misdemeanors, resulting in 11 convictions, including multiple convictions for Assault and a

8

conviction for Assault Against A Law Enforcement Officer in the First Degree; and 6 petty offenses, resulting in three convictions.  Defendant Inouye has been charged by the State of Hawaii 17 times with contempt of court.  Defendant Inouye has also had his probation or parole revoked.  Defendant Inouye's history reflects an inability or unwillingness to abide by court orders.

### (4) The Nature And Seriousness Of The Danger To Any Person Or Community That Would Be Posed By Release

Defendant Inouye poses a danger to the community, specifically to the victims and witnesses involved in this trial.  Defendant Inouye has already been charged with conspiracy to obstruct justice and obstruction of justice with respect to the case before the Court.  The nature and circumstances of the offenses charged are extremely serious.

The Court finds by a preponderance of the evidence that there are no conditions or combination of conditions that would reasonably assure the appearance of Defendant Inouye as required.  Defendant Inouye has a history of failing to comply with court orders, has numerous charges for contempt of court, and had his probation or parole revoked.

The Court finds by clear and convincing evidence that no conditions or combination of conditions would reasonably assure

the safety of the community if Defendant Inouye were released pending trial.  The serious nature and circumstances of the conspiracy and obstruction of justice charges, the weight of the evidence, Defendant Inouye's long and extensive criminal history, which includes convictions for Robbery, Assault, and Assault Against A Law Enforcement Officer, along with the nature and seriousness of the danger to the community support detention pending trial.

## CONCLUSION

The Court **GRANTS** the appeal of the Government and **ORDERS** Defendant Inouye **BE DETAINED** pending trial.  Defendant Inouye is remanded to the custody of the United States Marshal.

DATED:  September 29, 2023, at Honolulu, Hawaii.

Helen Gillmor
United States District Judge

_____
United States v. Wayne Inouye, Crim. No. 23-00050 HG-03; **ORDER GRANTING THE GOVERNMENT'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER AND GRANTING GOVERNMENT'S MOTION TO DETAIN DEFENDANT PENDING TRIAL**